UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER L. WILD, doing business as ALEX WILD PHOTOGRAPHY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENCHMARK PEST CONTROL, INC.,<br><br>　　　　Defendant. | Case No.: 1:15-cv-01876- JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES |

Plaintiff Alexander Wild, doing business as Alex Wild Photography, asserts he took a photo of an ant that he registered with the United States Copyright Office. Plaintiff contends Defendant Benchmark Pest Control used the photo on its website, without permission from Plaintiff, and is liable for Copyright Infringement. (Doc. 1)

Defendant responded to the allegations by filing an Answer, and identified eleven affirmative defenses. (Doc. 8) Plaintiff now seeks to strike each of the affirmative defenses.[1] (Doc. 11) For the following reasons, Plaintiff's motion to strike is **GRANTED IN PART**.

I.   **Pleading Standards for Affirmative Defenses**

The Federal Rules of Civil Procedure require a party responding to a pleading to identify its

---

[1] Notably, however, Plaintiffs offers no argument as to the fifth affirmative defense. Thus, the Court declines to address this defense. Nevertheless, the Court invites Defendant's attention to the discussion below related to the Eight Affirmative Defense which, it would seem, addresses the deficiencies of the Fifth Affirmative Defense as well.

1

defenses to each claim asserted. Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

Notably, "courts are in disagreement" as to whether an affirmative defense is required to only give fair notice, or should satisfy the heightened "plausibility" standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 599, 603 (E.D. Cal. 2013). This Court determined that "affirmative defenses are subject to the heightened pleading standards announced in *Twombly* and *Iqbal*." *Dodson*, 289 F.R.D. at 603; *see also J & J Sports Prods. v. Franco*, 2011 U.S. Dist. LEXIS 25642 (E.D. Cal. Mar. 1, 2011) (adopting the heightened pleading standard for affirmative defenses).

Under the heightened pleading standard, "in order to adequately 'state . . . its defenses to each claim asserted against it' under Rule 8(b)(1), a party must allege 'sufficient factual matter, accepted as true,'… to demonstrate that plaintiff lacks a right of recovery." *Dodson*, 289 F.R.D. at 601 (quoting *Iqbal*, 556 U.S. at 678. This Court has explained, "To hold otherwise would permit defendants to merely plead 'labels and conclusions' or 'a formulaic recitation of the elements of' an affirmative defense… and in so doing, undermine the rationale of *Twombly* and *Iqbal*." *Id.* (quoting *Twombly*, 550 U.S. at 555; *see also Kohler v. Staples,* 291 F.R.D. 464, 469 (S.D. Cal. 2013) (an affirmative defense "must at least give notice of the grounds upon which it rests").

### III. Motion to Strike

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). A defense is insufficiently pleaded if it fails to give "fair notice" of the defense, while it is insufficient as a matter of

law when there are no questions of fact or law, and the defense would not succeed under any circumstances. *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike affirmative defenses "are disfavored and infrequently granted." (*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

Here, Plaintiff seeks to strike each of the affirmative defenses asserted by Defendant. (Doc. 11) According to Plaintiff, all of the affirmative defenses are "legally insufficient" because they lack factual support and "are bare statements reciting mere legal conclusions." (Doc. 11 at 3, 4) In addition, Plaintiff contends the First, Eighth, Tenth, and Eleventh Affirmative Defenses are not proper affirmative defenses, but are rather "negative defenses." (*Id.* at 5-7) Finally, Plaintiff contends several defenses identified are redundant or immaterial to the claims presented. (*Id.* at 7-9) Defendant agrees the First and Second Affirmative Defenses are not proper and should be stricken without leave to amend. (Doc. 16 at 2) Furthermore, Defendant concedes it did not adequately allege factual support for the Third and Fourth Affirmative Defenses. Id.

Accordingly, the Court addresses only the disputed affirmative defenses.

**IV.   Discussion and Analysis**

    **A.**   **Third Affirmative Defense (Superseding Intervening Acts of Other Individuals/Entities):** "[T]his answering Defendant is informed and believes and

| | |
|---|---|
| 1 | |
| 2 | based thereon alleges that the damages described in each and every cause of action alleged against this answering Defendant in Plaintiff's Complaint were proximately caused or contributed to by the conduct of persons or entities other than this answering Defendant, including but not limited to the Plaintiff, as well as Plaintiff's agents, servants, customers, licensed users, and employees, which conduct constitutes one or more intervening or superseding causes of damages as alleged in the Complaint, and as such Plaintiff is barred from any and all recovery under those causes of action alleged in his Complaint against this answering Defendant.  (Doc. 8 at 2-3) |

Plaintiff contends this affirmative defense should be stricken because it lacks factual support. (Doc. 11 at 4)  In addition, Plaintiff asserts the defense "should be stricken because superseding and intervening causes are not applicable or related to copyright infringement claims."  (*Id.* at 8) According to Plaintiff, "[s]uperceding and intervening causes are neither justification nor defense to unauthorized use of copyrighted work."  (*Id.*)

Defendant concedes that the Third Affirmative Defense has "not adequately alleged sufficient supporting facts."  (Doc. 16 at 2) However, Defendant argues the defense, which is based upon a theory of contributory negligence, "is neither Immaterial nor Redundant to the issues in this case."  (*Id.* at 6) Accordingly, Defendant asserts leave to amend the defense should be granted by the Court.  (*Id.* at 4)

Significantly, as Plaintiff asserts, there is not a negligence claim presented in this action. Since "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," the defense is immaterial Plaintiff's claims.  *See J & J Sports Prods., Inc. v. Gidha,* 2012 U.S. Dist. LEXIS 20427, 2012 WL 537494, at *1 (E.D. Cal. Feb. 17, 2012). Accordingly, Plaintiff's motion to strike the Third Affirmative Defense is **GRANTED** without leave to amend.

    **B.**    **Fourth Affirmative Defense (Waiver):**  "[T]his answering Defendant are informed and believe and based thereon allege that Plaintiff, through his own acts and/or failures to act, engaged in conduct whereby he effectively waived any and all rights to assert any and all claims and/or causes of action against this answering Defendant; as such, Plaintiff is barred from any and all recovery under those causes of action alleged in his Complaint against this answering Defendant."  (Doc 8 at 3)

Plaintiff asserts this affirmative defense fails because it lacks factual support and is immaterial to his claims. (Doc. 11 at 4, 8)  In general, waiver is an "intentional relinquishment or abandonment of a known right."  *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).  Notably, the Ninth Circuit has determined that in a copyright infringement action, "waiver or abandonment of copyright," which "occurs only if there is an intent by the copyright proprietor to surrender rights in his work."

4

*See A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1026 (9th Cir. 2001).  Here, there is no indication in Defendant's answer that Plaintiff engaged in activity that constitutes a waiver or abandonment of his copyright.  Without supporting factual allegations, the assertion that the doctrine of waiver is applicable is insufficient.  *See J & J Sports Prods., Inc. v. Nguyen*, 2012 U.S. Dist. LEXIS 51641, at *4 (N.D. Cal. Mar. 22, 2012) (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]").  Because, as Defendant concedes, the Fourth Affirmative Defense lacks factual support, the defense is **STRICKEN** with leave to amend.

> **C.** **Sixth Affirmative Defense (Fair Use):** "[T]his answering Defendant is informed and believes and based thereon alleges that any such purported use of the alleged protected "Image" as claimed by Plaintiff in his Complaint was an exempted use as provided by 17 U.S.C. section 107; as such, there has been no violation or infringement by this Defendant as claimed by Plaintiff, as well as no damages resulting there from, and Plaintiff is barred from any and all recovery under those causes of action alleged in his Complaint against this answering Defendant." (Doc. 8 at 4)

Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair." *Monge v. Maya Magazines, Inc*., 688 F.3d 1164, 1170 (9th Cir. 2012).  The doctrine is codified at in the Copyright Act, which provides:

> [T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> > (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit  educational purposes;
> >
> > (2) the nature of the copyrighted work;
> >
> > (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> > (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107.

Significantly, defendants asserting a fair use of a copyrighted work must allege some facts to give a plaintiff notice of how the defense is applicable in the action.  *Amini Innovation Corp. v.*

5

*McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS 13342 at *10-11 (C.D. Cal. Jan. 31, 2014). Though Defendant states it believes Plaintiff's actions cause the material to fall within the fair use exception, Defendant fails to explain why it thinks so. Indeed, the defense fails allege any facts addressing the factors set forth above, demonstrating the use was fair.  Merely citing to the statute is insufficient. Because Defendant fails to allege facts regarding how the doctrine of fair use applies here, the defense is insufficiently pleaded.  Therefore, Plaintiff's motion to strike the Sixth Affirmative Defense is **GRANTED**, and the defense is stricken with leave to amend.

    **D.**    **Seventh Affirmative Defense (Protected Use):** "[T]his answering Defendant is informed and believes and based thereon alleges that any such purported use of the alleged protected "Image" as claimed by Plaintiff in his Complaint was an exempted use as provided by 17 U.S.C. section 113(c); as such, there has been no violation or infringement by this Defendant as claimed by Plaintiff, as well as no damages resulting there from, and Plaintiff is barred from any and all recovery under those causes of action alleged in his Complaint against this answering Defendant."  (Doc. 8 at 4)

Pursuant to 17 U.S.C. § 113(c), with works "lawfully produced in useful articles that have been offered for sale or other distribution to the public, copyright does not include any right to prevent the making, distribution, or display of pictures or photographs of such articles in connection with advertisements or commentaries related to the distribution or display of such articles, or in connection with news reports."

Plaintiff argues this affirmative defense is immaterial "because 17 U.S.C. § 113(c) is applicable where the use is lawful." (Doc. 11 at 8)  Plaintiff contends, "Defendant's use is not lawful because Defendant has not obtained Plaintiff's permission to use the image." (*Id.* at 8-9)  Contrary to Plaintiff's argument, pursuant to the terms of Section 113(c), *permission* is not required for the use of an image.  Nevertheless, Defendant has not pleaded facts to support the assertion that the use was exempted pursuant to Section 113(c), such as whether the image was produced in a news report or an article available to the public, and whether Defendant's use was made in connection with any article or news report.  Accordingly, Plaintiff's motion to strike the Seventh Affirmative Defense is **GRANTED** and the defense is stricken with leave to amend.

    **E.**    **Eighth Affirmative Defense (Good Faith):** "[T]his answering Defendant is informed and believes and based thereon alleges that Plaintiff is barred from any and all recovery, including any and all statutory damages, attorney's fees and/or costs under those causes of action of his Complaint against this answering Defendant, since said Defendant, at all times relevant hereto, acted in good faith and did not willfully infringe on any previously unknown and now claimed copyright interests of Plaintiff."

(Doc. 8 at 4)

Plaintiff contends this defense should be stricken because it is not an affirmative defense but, instead, merely negates an element of Plaintiff's case. (Doc. 11 at 6) The Court agrees that whether an act is willful is an element of Plaintiff's claim of infringement. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (to receive heightened statutory damages for an infringement, the plaintiff must show (1) that the defendant was actually aware of infringing activity, or (2) that defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights). Accordingly, Plaintiff's motion to strike the Eighth Affirmative Defense is **GRANTED** without leave to amend.

F.   **Ninth Affirmative Defense (Invited Public Use):** "[T]his answering Defendant is informed and believes and based thereon alleges that any such purported use of the alleged protected "Image" as claimed by Plaintiff in his Complaint was the result of the Plaintiff's actions "inviting" such use by failing to include or provide any watermark or copyright protection on the alleged "Image", which would have provided notice to this answering Defendant and/or his website designer that the "Image" was a copyright-protected photo; as such, there has been no violation or infringement by this Defendant as claimed by Plaintiff, as well as no damages resulting there from, and Plaintiff is barred from any and all recovery under those causes of action alleged in his Complaint against this answering Defendant." (Doc. 8 at 5)

Plaintiff asserts this defense is insufficient as a matter of pleading and lacks factual support. (Doc. 11 at 3-4) In addition, Plaintiff contends this "defense is 'redundant' and 'immaterial' because the defense of 'Invited Public Use' alleged by Defendant, is not relevant to a copyright infringement claim." (*Id.* at 9) Plaintiff argues, "Notice, watermark, or any other signs on an image are not necessary to obtain Copyright protection." (*Id.*)

As an initial matter, Defendant alleges there was no watermark or copyright indication on the image, which was sufficient to give Plaintiff fair notice of the facts supporting the affirmative defense. Further, to the extent Plaintiff contends this is not a proper defense because a copyright notice is not required to obtain protection, the Court agrees. However, to the extent the defense addresses Defendant's intent for the purpose of seeking a reduction in damages (17 U.S.C. § 504(c)(2), the Court disagrees that Defendant's intent is immaterial. *See Erickson Prods. v. Kast*, 2014 U.S. Dist. LEXIS 56711 at*14-15 (N.D. Cal. Apr. 23, 2014) (where the defendant argued "there was no way for him to know that using the photos violated anyone's copyright because they did not bear copyright notices,"

the court declined to strike the affirmative defense because the defendant's "mental state bears on the issue of remedies) (citing *Shropshire*, 809 F. Supp.2d at 1147 n.2; 17 U.S.C. § 504(c)(2)). Nevertheless, while Defendant has alleged facts to demonstrate it did not know the material was copyrighted, there are no facts to support that he had no reason not to know the material was copyrighted. (17 U.S.C. § 504(c)(2) ["In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."]  Therefore, Plaintiff's motion to strike the Ninth Affirmative Defense is **GRANTED** and the defense is **STRICKEN** with leave to amend.

      **G.**      **Tenth Affirmative Defense (Lack of Intent):** "[T]his answering Defendant alleges that at no time on, before, or after February 17, 2015 and before or on April 17, 2015, did this answering Defendant have any of the following:

      a) The intent to knowingly or willfully utilize any copyright-protected material, including the subject "Image" allegedly owned by the Plaintiff;

      b) The intent to deprive Plaintiff of his customary fee for the use of his alleged copyright-protected "Image", which is believed to be from $95.00 to $375.00; and

      c) The intent to willfully damage Plaintiff by any act or omission."

Plaintiff argues this defense is insufficient.  (Doc. 11 at 4, 9)  Specifically, Plaintiff argues that the defense "should be stricken because it is 'redundant' and 'immaterial.'" (*Id.*)  Furthermore, Plaintiff asserts the lack of intent "is not a defense to copyright infringement.  (*Id.*)

Plaintiff does not explain why he believes the defense is "redundant," and the Court will not speculate as to the reasoning.  As Plaintiff asserts, the Ninth Circuit has determined that "the innocent intent of the defendant constitutes no defense to liability" for copyright infringement.  *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 1308[B][1] (Matthew Bender rev. ed. 2011)).  While true, "Defendant's mental state . . . is relevant to the issues of remedies," because damages may be reduced where the infringer was not aware of a copyright and had not reason to believe the material was protected. *Shropshire v. Canning*, 809 F.Supp.2d 1139, 1147 n.2 (N.D. Cal. 2011).  Under the Copyright Act:

      In a case where the infringer sustains the burden of proving, and the court finds, that the infringer was not aware and had no reason to believe that his or her acts constituted an

infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c)(2). Consequently, the lack of intent serves as an affirmative defense to the amount of statutory damages available.

On the other hand, Defendant fails to allege any facts supporting this affirmative defense. In the opposition to the motion, Defendant argues this defense was intended to describe "the fact that all times relevant thereto, Defendant had no knowledge of the claimed copyright alleged by Plaintiff." (Doc. 16 at 3, 5) However, this fact is not alleged in support of this defense—although it is suggested in support of the Ninth Affirmative Defense. (*See* Doc. 8 at 5) In any event, without factual allegations to support Defendant also had no reason to know the material was protected, the mere fact Defendant did not know of the copyright—due to the lack of watermark—is insufficient still. Because Defendant fails to plead the facts supporting this defense in its Answer, the motion to strike the Tenth Affirmative Defense is **GRANTED** with leave to amend.

      **H.**    **Eleventh Affirmative Defense (Injunctive Relief):** "[T]his answering Defendant alleges that the Plaintiff's Complaint, even if assumed to be true and correct in its entirety, which is disputed by this answering Defendant, asserts that any such claimed unauthorized use of the alleged "Image" was limited to the period between February 17, 2015 and April 17, 2015; as such, there is no need for any injunctive relief in this instance, nor is there any irreparable damage being caused to Plaintiff since he charges a flat fee for the commercial use of his copyright-protected photos. (Doc. 8 at 5-6)

Notably, copyright law authorizes injunctive relief for copyright infringement. *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). A temporary or permanent injunction may be ordered "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. In general, "a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc*., 991 F.2d 511, 520 (9th Cir. 1993); *Sega Enterprises Ltd. v. Maphia*, 948 F. Supp. 923, 940 (N.D. Cal. 1996) ("a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction").

Here, Defendant asserts injunctive relief is not appropriate because the image was removed from its website. Accordingly, Defendant purports to identify a defect in Plaintiff's request for an injunction against "further infringement of all copyrighted works of the Plaintiff" (Doc. 1 at 6).

However, an allegation "that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Rather, such a defense is merely rebuttal against the allegations presented by the plaintiff.  Accordingly, the Eleventh Affirmative Defense is not a proper affirmative defense, and Plaintiff's motion to strike the defense is **GRANTED** without leave to amend.

## V.     Conclusion

Many of the affirmative defenses are improper affirmative defenses and insufficient as a matter of law.  In addition, many of the defenses fail to provide sufficient factual support to give Plaintiff with fair notice, and are inadequate as a matter of pleading.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to strike the Fourth, Sixth, Seventh, Ninth and Tenth Affirmative Defenses is **GRANTED** and they are **STRICKEN with leave to amend**;
3. The First, Second, Third, Eighth, and Eleventh Affirmative Defenses are **STRICKEN without leave to amend**; and
4. Any amended answer **SHALL** be filed within 21 days of the date of service of this order.  Failure to amend will result in the matter proceeding without the affirmative defenses stricken here.

IT IS SO ORDERED.

Dated:   **March 16, 2016**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE